FILED
SUPERIOR COURT
OF GUAM

2021 APR 12 PM 4: 22

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

**PEOPLE OF GUAM,**

v.

**MAIRON HANS,**
DOB: 09/25/1975

Defendant.

**Criminal Case No. CM0927-04**
GPD Report No. 04-4757

**DECISION AND ORDER
GRANTING DEFENDANT'S
MOTION TO DISMISS**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 8, 2021 for hearing on Defendant Mairon Hans's ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Steven J. Haderlie represents the People, and Assistant Public Defender Earl Anthony V. Espiritu represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

## BACKGROUND

On March 7, 2004, Defendant was arrested and charged with Driving While Under the Influence of Alcohol (as a Misdemeanor) and Driving While Under the Influence of Alcohol (BAC) (as a Misdemeanor). Magistrate's Complaint (Dec. 2, 2004).

On February 2, 2005 the Court held an arraignment, at which Defendant was not present. Min. Entry (Feb. 2, 2005). The Court subsequently issued a bench warrant for Defendant's failure to appear at the hearing. Bench Warrant (Feb. 2, 2005). No further action took place on this case until July 27, 2020, at which point Defendant was arrested on the bench warrant while obtaining a

Decision and Order Granting Defendant's Motion to Dismiss
CM0927-04, *People of Guam v. Mairon Hans*
Page 1 of 4

court clearance. Return of Warrant Service (Jul. 27, 2020). Defendant was subsequently arraigned on July 29, 2020. Min. Entry (Jul. 29, 2020).

On February 19, 2021, Defendant filed his Motion to Dismiss, seeking to dismiss the charges against him "in light of the Government's unreasonable delay in prosecution, as well as on *de minimum* grounds." Motion at 1.

The People filed their Opposition to Defendant's Motion to Dismiss ("Opposition") on April 8, 2021. However, the reply brief cut-off date was March 12, 2021. Notice of Motion (Feb. 19, 2021). The People failed to meet the reply cut-off date by almost four weeks, and provided no good reason for their failure to do so. The Court will consider this failure a notice of non-opposition, and will not consider the written Opposition, nor will it allow the People a chance to orally oppose Defendant's Motion. Guam Ct. R. 5B. However, this non-opposition "does not require a court to automatically grant the motion", and the Court must "analyze the merits of the motion before rendering its decision." *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 28.

The Court held a hearing on April 8, 2021. After hearing the Defendant's arguments, the Court took the matter under advisement.

## DISCUSSION

The Court may dismiss a complaint if it finds that there is unreasonable delay in bringing a defendant to trial" 8 G.C.A. § 80.70. "Unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Guam v. Rasauo*, 2011 Guam 14 ¶ 14. Furthermore, in misdemeanor cases such as this one, "the Sixth Amendment speedy trial right attaches upon the filing of the complaint." *People v. Stephen*, 2009 Guam 8 ¶ 13 (citing *People v. Martinez*, 996 P.2d 32, 41 (Cal.2000)). This right attaches regardless of whether the defendant is made aware of the charges. Id.at ¶ 13.

The Supreme Court of Guam considers four (4) factors in determining whether a defendant's Sixth Amendment speedy trial right has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether or not prejudice resulted from the delay. Id. at ¶ 14 (citing *People v. Mendiola*, 1999 Guam 8 ¶ 22).

Decision and Order Granting Defendant's Motion to Dismiss
CM0927-04, *People of Guam v. Mairon Hans*
Page 2 of 4

Here, there is no question that the length of the delay (over 15 years) is substantial, well above the 60 day period laid out in *Rasauo*.

The reason for the delay also weighs in favor of dismissal. There is no indication that any attempts were made to serve the bench warrant or otherwise reach the defendant over the past 15 years. The Supreme Court of Guam has held that "though the court's marshals typically serve such warrants… delay attributable to the court is held against the prosecution and cannot constitute good cause. *Guam v. Leon Guerrero*, 2014 Guam 10 ¶ 15 (citing *People v. Julian*, 2012 Guam 26 ¶ 22). Furthermore, nothing indicates Defendant was trying to evade prosecution. Defendant remained on island and held the same employment this entire time period. Motion at 3. Defendant's arrest only occurred after he attempted to obtain a court clearance, further indicating he was simply unaware of the case's existence rather than evading prosecution. Id. at 3.

Regarding factor three, there is no indication that Defendant either waived or asserted his speedy trial right 15 years ago. Id. at 3.

Finally, the Court must consider whether prejudice resulted from the delay. Courts have recognized that "sometimes, the delay itself can be long enough to be 'presumptively prejudicial.'" *Stephen* at ¶ 16 (citing *Doggett v. U.S.*, 505 U.S. 647, 651-652 (1992)). A 15 year delay is extremely prejudicial to the Defendant, because this significant time lapse impacts his right to present an adequate defense. It is unfair to expect an individual to properly recall and defend against allegations to an incident that took place over one and a half decades ago. It is also unrealistic to assume that any police officer would be able to accurately recall the specifics of a single arrest from 2004.

The four factors laid out in *Stephen* clearly show that the Defendant's Sixth Amendment speedy trial right has been violated. As such, the court must dismiss the case. 8 G.C.A. § 80.60

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. The above-captioned matter will be dismissed with prejudice.

APR 0 5 2021

**IT IS SO ORDERED** this _____ *nunc pro tunc* April 8, 2021.

Decision and Order Granting Defendant's Motion to Dismiss
CM0927-04, *People of Guam v. Mairon Hans*
Page **3** of **4**



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion to Dismiss
CM0927-04, *People of Guam v. Mairon Hans*
Page **4** of **4**